Opinion of the Court by
Chief Justice Bibb.
Notley Withers sued Markley and obtained judgment upon these facts, as they appear by the declaration, evidence, and instructions to the jury.
Chinn made his promissory note, dated third of June, 1820, payable ten days after date to Alexander Ross, who indorsed it in blank and delivered it to Markley, who delivered it with this blank endorsement to Notley Withers, who filled the endorsement with an assignment to himself, and then assigned it to Wood, who assigned it to Pemberton, who assigned it to Beauchamp.
Beauchamp, the last assignee, brought suit by petition and summons, against Chinn the maker, on the 21st of November, 1829, returnable to the March term of the Franklin circuit court, at which term judgment was rendered, and thereupon a fi fa was returned, no estate found: Chinn was afterwards arrested upon a ca sa, delivered a schedule of his property, and was enlarged according to the statute in such cases provided.
The transaction as between Markley and Withers, consisted of an exchange of Chinn’s note and the del *15 ivery thereof (with Ross’ blank endorsement,) to Withers, for a note on J. P. Thomas, due to Withers.
Deceit was laid as inductment to the promise, the breach of which was the complaint, held the count was not tort, but contract.
Diligence by suit to recover of payor, necessary to entitle assignee to recover of assignor.--
Omission to sue for one term without excuse, in fatal negligence.
In the sale of a promissory note, held by blank endorsement, without assignment, there is no implied contract to be responsible for the solvency of the maker.
*15 To the declaration it has been objected that a count in tort is joined to counts in assumpsit. This objection is not founded in fact. The supposed count in tort alleges, that Markley concealed the insolvency of Chinn, and deceitfully exchanged that note for the note on Thomas; that Chinn has been prosecuted to insolvency, of which Markley had notice, whereby he became liable to pay the amount of the note on Chinn, with interest and costs, amounting to one hundred dollars, and being so liable, he assumed and faithfully promised to pay said sum of money, &c. The deceit is not the substantive cause of this action, but is laid as the inducement to the promise to pay, connected with the prosecution of Chinn to insolvency, and the breach of that promise is the complaint.
If Markley had assigned the note to Withers instead of passing it by delivery only in exchange for another note, then according to settled rule as to the responsibility of assignors, from the case of Smallwood vs. Woods, 1. Bibb, 542, and various other cases since, Withers could have maintained an action against Markley as an assignor, only by alleging due diligence by suit against the maker, Chinn, and his insolvency evidenced by such suit. As assigner, Withers must have failed against Markley for want of due diligence by suit. For the record of the proceedings against Chinn, as produced in evidence by Withers, shews that the note was payable in June, between which and the institution of the suit in November, the October term of the Franklin Circuit Court intervened, and this want of due diligence is not excused by any allegation or proof. Such negligence, had Markley been the assignor, would have discharged him from his responsibility. The cases adjudged upon that subject are numerous.
But Withers attempts to charge Markley upon a mere delivery of the paper without any assignment, *16 and to extend his responsibility far beyond that which would have been created by an actual assignment. There was no agreement between Markley & Withers, that Markley should warrant the solvency of Chinn. On the contrary, it is evident, by the instruction asked by Markley, but refused, and the instruction actually given to the jury, that the judge declared the law to be, that from the negotiation between the parties of exchange of the notes, and the mere fact of delivering Chinn’s note without any assignment, an implied contract was raised, that Markley should be responsible if Chinn failed to pay. The judge not only refused to instruct the jury “that as the note had not been assigned by him, they ought to presume that it was transferred without recourse,” but instructed them, that he was bound to refund the consideration received “unless there had been an understanding between the parties that the note was sold without recourse.” We hold the law to be settled directly to the contrary. By the endorsement in blank, made by Ross, the payee, the note became transferable by mere delivery, and any holder of it had a right to fill up the assignment to himself or to any other.
So in case of a bill of exchange.
One who transfers a bill of exchange endorsed in blank, not putting his own name upon it, is not responsible even by the law merchant.—Chitty on Bills, 174. Since the famous struggle between the merchants of Lombard Street, and chief justice Hon, the merchants attempting to place promissory notes on the footing of bills of exchange, and the chief justice dismissing their suits when brought before him on such prefences, the attempts have been going on to place the transfers of promissory notes on the same principle and responsibility as bills of exchange. But it has never been held that the transfer of a note created a greater responsibility than the transfer of a bill of exchange. The cases cited, and reasoning of the courts in Smallwood vs. Woods, 1 Bibb, 542—Garretsie vs. Vanness, 1. Pennington, 20, and of the Bank of England vs. Glover, Ld Ray. 753—all negative the supposition, that from the mere transfer of a note, without assignment, but by mere delivery, *17 any implied contract arises to be responsible for the solvency of the maker.
In an action by one of the parties to an exchange of promissory notes against the other, on his warranty of the solvency of the maker, the count must be special, unless it appear money had been obtained on the note received by the defendant.
Monroe and T. Marshall for plaintiff; Mayes for defendant.
It is evident from the declaration, all the counts being in indebitatus assumpsit, and the evidence and exceptions taken, that the action has been sustained, by supposing that from the exchange of the notes, and the insolvencoy of Chinn, the law created ageneral indebitatus assumpsit on the part of Markley to pay the amount of Chinn's note, without any proof that Markley had himself received the money from Thomas on his note so received in exchange by Markley for Chinn's note. If Markley had been bound, even by an expressed undertaking to be responsible, in case Chinn should be insolvent, yet, without proof that Markley had received money for Thomas’ note, the count should have been on a special assumpsit, not a general indebitatus assumpsit. So are the cases of Spratt vs. M’Kinney, 1. Bibb, 597—Bank of England vs. Glover, 2d, L’d Ray, 758.
The case shews no privity between Withers and Markley, by assignment of Chinn's note, no privity by any agreement, that Markley would be responsible. Withers does not appear responsible to Wood by his assignment, but discharged for want of due diligence by suit against Chinn. (for all that appears by the evidence in this case.) and yet Withers, who has assigned away the note, has recovered of Markley as the party responsible, not by any warranty or agreement made by Markley, but by a supposed assumpsit in law, where the law has implied none such.
The case must be remanded to the court below, for a venire facias de novo, and proceedings therein not inconsistent with this opinion, if the plaintiff there thinks his case worth farther prosecution.
Judgment reversed with costs.